Charles Newkerk, and Geertruyd his wife, Execu-trix of Peter Schuyler, deceased, Appellants, *against* Edward S. Willett, Respondent.

*A bill for a discovery and injunction to stay proceed-ings at law, must state some particular matter which the complain-ant has a right to seek a dis-covery of, as material to his defence, and without which, he cannot pro-ceed to trial. A mere inqui-ry because the grounds of the suit at law are unknown, can-not be main-tained, being a fishing bill.*

ON the 18th day of April, 1799, the appellants fil-ed a bill in chancery setting forth that the testator died in the winter 1792, and left the appellant, *Geertruyd Newkerk*, his widow and executrix. That soon after the respondent demanded a conside-rable sum of money, which she refused to pay ; that the respondent thereupon offered to submit the con-troversy to arbitrament, which she also refused ; that thereupon the respondent in April 1793, and after the intermarriage of the appellant *Geertruyd* with the appel-lant *Charles Newkerk*, commenced a suit against them, in the supreme court, for 1,000*l.* for monies pretended to be due to him from said *Schuyler*— that the appellants did not, of their own knowledge, know any thing of the said demand ; but had strong grounds to believe the

same to be unjust, because the respondent had not, during the life of said *Schuyler*, taken measures to adjust his claim, and because he did not possess any vouchers to establish the justice of his demand ; that the relations and accounts given by the respondent were inconsistent and various, and that the appellants being unacquainted with the origin of the pretended debt, could not, without a discovery by the respondent of all the facts, safely proceed to a trial of the said suit. And that the respondent might, until he should have fully answered to the said facts and interrogatories, stated in the said bill, be enjoined from proceeding to a trial at law in the said suit, the appellants prayed an injunction, which was issued of course, on the usual affidavit.

Fourteen days previous to the filing the above bill, viz. on the 4th day of *April*, 1799, the said appellants had filed a bill against the respondent (in substance the same as the second bill) to which the respondent had put in his answer before the second bill was filed, by which answer the respondent states, that in the year 1786 or 1787, he was possessed of certificates or public securities, amounting to 800*l.* and upwards, besides interest, which he, at the solicitation of the said *Schuyler*, delivered to him, on his promise to lay them out for the respondent's use in the purchase of forfeited lands; that he had several times applied to the said *Schuyler*, in his life-time but without success, to render an account and come to a settlement for said certificates, and that on the last of those applications to the said *Schuyler*, at *Johnstown*, he declared that he had sent the said certificates to *New-York* with his wife, the above appellant, to be disposed of, and that on her return, he would pay the respondent for the same.

P p

· The bill first filed, to which the answer was put in on the 14th day of *December*, 1799, was ordered by the chancellor to be dismissed.

On the 4th day of *January*, 1800, the chancellor, after hearing the arguments of counsel for both parties, ordered the injunction issued on the second bill, to be dissolved.

On the above hearing, to dissolve the injunction, the chancellor admitted the first bill, and the answer thereto, to be read; and also an agreement entered into in the suit, in the supreme court by *Willett against* the appellants, in which they consented and agreed " that the rule of reference be discharged; that the cause be tried by a struck jury; that the affidavits of *Teunis Van Wagenen, John Roorbach* and *Gerrit Staats*, jun. be admitted and read as evidence; that no writ of error shall be brought by the defendants merely for the purpose of delay; nor shall any bill in chancery be brought or filed.

The case now came up on an appeal from the chancellor's order dissolving the injunction.

KENT, J.    This is an appeal from an interlocutory order of the court of chancery, dissolving an injunction, without any answer being put in to the bill.

The two most material points, which were raised at the argument, upon this appeal, were these:

1st. Is an order dissolving an injunction, one of the orders of the court below, upon which an appeal will lie?

2d. Did the bill contain sufficient equity to entitle the appellants to a discovery, and consequently to an injunction, to stay proceedings at law, in the mean time?

To discover the first question with accuracy and satisfaction ; to draw the line between that class of orders, arising in the progress of a cause, which are susceptible of review by appeal, and that class of orders, which are not susceptible, (and such a distinction may, and does exist) would require more examination, than I have had time to bestow, or than the late period of the session of this court, would conveniently permit : I shall, therefore, give no opinion on the first point ; nor is it necessary in the present instance, to the rights of the parties, because, admitting an appeal to lie upon the order, I am of opinion, on the second question, that the injunction was properly dissolved.

The bill does not state sufficient equity, to entitle the appellants to a discovery. It states generally, that the respondent had made a *demand* upon one of the appellants, as executrix of *Peter Schuyler*, deceased, and that as he did not produce any voucher, she had refused to pay him. It states further, that he proposed an arbitration, which she refused, and that finally, he had *brought a suit* against the appellants, in the supreme court. The bill states further, that the appellants know nothing of the demand *of their own knowledge*, but that they believe it unjust, because the respondent took no measures to liquidate and settle it, in the life-time of *Peter Schuyler*, and does not now produce any vouchers, and has been inconsistent, in what he has from time to time said, as to the nature and extent of his demand.

This is the substance of the bill ; it amounts to this, the respondent has sued us at law, and we do not know for what, and therefore, we ask for a dis-

ALBANY.

Newkerk
v.
Willett.

* 2 *Vez.* 445.
492. 2 *Fonb.*
484. 1 *Vern.*
399.

covery beforehand, although we have reason to conclude, he has sued us upon some groundless pretence.* Such a bill shows no *equity*, no *right* to a discovery. It sets forth no matter *material*, to a defence at law, and which cannot be proven, unless by the *confession* of the opposite party. It is, to use Lord Chancellor *Hardwicke's* expression, a mere *fishing bill*, seeking generally, a discovery of the grounds of the respondent's demand, without stating any right, to entitle them to it; such a bill may be exhibited by any executor or administrator, and indeed by any defendant, who is not already in possession of the plaintiff's proofs. But the court of chancery, has wisely refused to sustain bills for discovery in such latitude, and unless the party calling for a discovery, will state some *matter of fact material* to his *defence*, or which he wishes to substitute by the confession of the defendant, the court will not enforce a discovery.

I am accordingly of opinion, the appellants in the present case, were not entitled to a discovery, and that the injunction staying the suit at law, was properly dissolved, and that the order for that purpose, be affirmed. And further, that the appellants pay to the respondent, his costs of the appeal to be taxed.

Judgment of affirmance unanimously.